# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONJA S. HURT,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF
HEALTH AND SOCIAL SERVICES,

                Defendant.

Case No. 17-CV-1105-JPS

**ORDER**

### 1. INTRODUCTION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis*. (Docket #1 and #2). On September 26, 2017, Magistrate Judge David E. Jones screened Plaintiff's complaint. (Docket #7). Plaintiff alleges that Defendant, her former employer, discriminated against her on the basis of her chronic leukemia. *Id.* at 3. Plaintiff claims that she was harassed daily by her supervisor. *Id.* She further alleges that she requested accommodations for her disability but was denied any reasonable accommodations. *Id.* Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which she says was met with retaliation. *Id.* She eventually quit her job. *Id.* Magistrate Judge Jones permitted Plaintiff to proceed on claims of "disability discrimination and retaliation." *Id.* at 4.

This action was reassigned to this branch of the Court on October 25, 2017. On March 30, 2018, Defendant moved for summary judgment. (Docket #18). Plaintiff's response to the motion was due on or before April 30, 2018. Civ. L. R. 7(b). That deadline has long since passed and no response or other communication has been received from Plaintiff. The

Court could summarily grant Defendant's motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendant also presents valid bases for dismissing Plaintiff's claims. For both of these reasons, Defendant's motion must be granted.

2. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. Federal Rule of Civil Procedure 56 and Civil Local Rule 56 describe in detail the form and contents of a proper summary judgment submission, including how to dispute assertions of fact. In Defendant's motion for summary judgment, it warned Plaintiff about the requirements for her response as set forth in Federal and Local Rules 56. (Docket #18). She was provided with copies of those Rules along with Defendant's motion (*id.* at 3–12), as well as with the Court's Trial Scheduling Order (Docket #14-3 and #14-5). In connection with its motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural

rules. (Docket #20). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts. Plaintiff has entirely ignored the rules of summary judgment procedure, and failed to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as her lawyer, and it cannot delve through the record to find favorable evidence for her. Thus, the Court will, unless otherwise stated, deem Defendant's facts undisputed for purposes of deciding its motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In the absence of any factual disputes, and in the interest of brevity, the Court assumes familiarity with the facts as described in Defendant's statement of facts. (Docket #20). The Court will discuss the facts below only briefly, as relevant to its analysis.

4.     **ANALYSIS**

Defendant characterizes Plaintiff's complaint, and Magistrate Judge Jones' screening order, as raising three claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*: 1) failure to reasonably accommodate Plaintiff's disability, 2) retaliation for the filing of an EEOC complaint, and 3) harassment, resulting in a hostile work environment, on the basis of her disability. (Docket #19 at 1). In light of Plaintiff's non-opposition to the instant motion, the Court sees no reason to disagree with that assessment.

The Rehabilitation Act expressly borrows the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, and case law interpreting it relies on other areas of employment discrimination jurisprudence. *See* 29 U.S.C. § 794(d); *Stanek v. St. Charles Comm. Unit Sch. Dist. No. 303*, 783 F.3d 634, 641 (7th Cir. 2015); *Gratzl v. Off. of Chief Judges of the 12th, 18th, 19th, and 22nd Judicial Circuits*, 601 F.3d 674, 678 n.2 (7th Cir. 2010); *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). The Court may thus rely on opinions not directly addressing the Rehabilitation Act.

The Court begins with the accommodation claim. To prove such a claim, Plaintiff must show that "(1) [s]he is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 682 (7th Cir. 2014). As to the last element, the employer need not provide the accommodation the employee requests or prefers, only one which allows the employee to perform the job with reasonable comfort. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005); *Cloe v. City of Ind.*, 712 F.3d 1171, 1176 (7th Cir. 2013). The employer is not required to accommodate "by making special, individualized training or supervision available in order to shepherd that employee through what is an essential and legitimate requirement of the job." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 867 (7th Cir. 2005).

No reasonable jury could conclude Defendant's efforts to accommodate Plaintiff were anything other than reasonable. She was permitted every accommodation suggested by her medical provider. For example, Hurt's medical provider indicated that Hurt needed accomodations such as frequent breaks to move around and increase circulation and frequent bathroom breaks. In accordance with these needs,

Hurt was provided the following accommodations: the ability to walk, stand, stretch or move about in her cubicle as needed in response to symptoms related to her condition, the ability to leave her work areas to use the restroom as needed but not to exceed more than ten minutes at a time; and an extended telephone cord or wireless headset to allow her to move about her cubicle without restriction. These accommodations satisfied her medical provider's mandate; Plaintiff cannot insist on any more than that. Further, Hurt never informed Defendant that the accommodations provided to her did not help. To the extent Plaintiff wanted to be permanently assigned to the renewal processing team in order to avoid excessive telephone time, this would impose an unreasonable burden on Defendant. Handling calls was an essential part of Plaintiff's job, and so Defendant need not excuse her entirely from that aspect of the work.

Plaintiff's next claim is for retaliation. Defendant received notice of Plaintiff's charge of discrimination on September 8, 2014. After that point, Defendant was not permitted to retaliate against her in response to that charge. *Stanek*, 783 F.3d at 641. A retaliation claim has a number of specific elements, but the only one the Court need address here is that the employee must suffer a materially adverse employment action. *Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009). This is an objective standard. *Id.* To be material, the adverse action must be serious enough that it would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quotation omitted). Employees may not sustain an allegation of retaliation if the employer shows that it had a legitimate, nondiscriminatory reason for the adverse action in question. *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750–51 (7th Cir. 2006).

Plaintiff's complaint suggests four types of adverse actions, but none meet the materiality requirement, and all had a legitimate basis independent of a retaliatory motive. First, Plaintiff complains that her medical records were shared with her supervisors. Discussion of Plaintiff's disability was necessary to arrive at appropriate accommodations and to enact them in practice. Second, Plaintiff asserts that she was not given reasonable accommodations. This claim is belied by the undisputed facts, which demonstrate that Defendant afforded Plaintiff all of the accommodations her medical provider suggested. Third, Plaintiff contends that her supervisor criticized her with daily e-mails. Even if Plaintiff did not like having her work scrutinized, it was for a legitimate reason—to create quantitative measures of employee performance. The e-mails had nothing to do with her disability and were in fact sent to the entire team; everyone's shortcomings were aired out in front of the group. Finally, Plaintiff implies that her written reprimand may have been retaliatory. It was driven by Plaintiff's consistent tardiness, not her disability.

Plaintiff's final claim is for a hostile work environment. It is not clear whether such a claim is even available under the Rehabilitation Act. *Mannie*, 394 F.3d at 982. Assuming without deciding that it is, Plaintiff would need to show that (1) she was the object of unwelcome harassment; (2) the harassment was based on her disability; (3) the harassment was sufficiently severe and pervasive so as to alter the conditions of employment; and (4) there is a basis for employer liability. *Luckie v. Ameritech Corp.*, 389 F.3d 708, 713 (7th Cir. 2004). Plaintiff cannot establish that she suffered any disability-based harassment, much less that of a severe variety. Defendant's management staff worked with her to establish feasible accommodations that addressed the concerns of her medical provider. As discussed above,

the allegedly negative actions taken against her had an obvious legitimate basis. Plaintiff's resignation was not compelled by the prevalence of a hostile work environment.

**5. CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendant's favor on each of Plaintiff's claims against it. The Court must, therefore, grant Defendant's motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #18) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge